NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stewart Edward Younan,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>Respondents. | No. CV-22-01178-PHX-SRB<br><br>**ORDER** |

Petitioner, Stewart Edward Younan filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody on July 13, 2022 raising nine claims for relief.  Petitioner asserts 1) a violation of his Fifth, Sixth, and Fourteenth Amendment rights based on alleged State conflicts of interest; 2) a violation of his Fifth, Sixth, and Fourteenth Amendment rights based on admission at trial of "translated transcripts" of jail calls; 3) ineffective assistance of counsel for failing to move to sever Count 4; 4) a violation of due process and right to a fair trial based on the denial by the trial court of a motion to continue the trial; 5) a violation of his rights pursuant to *Brady v. Maryland*; 6) ineffective assistance of counsel for alleged intentional and gross negligence; 7) a violation of due process and right to a fair trial based on the trial court abusing judicial discretion, bias and misconduct; 8) a violation of his Sixth, Eighth and Fourteenth Amendment rights based on cruel, inhumane, degrading punishment and treatment and torture; and 9) a claim of "complete and utter innocence."

. . .

The Magistrate Judge issued her Report and Recommendation on February 8, 2023 concluding that Claims One, Two, Four, Five, Seven, and Eight were procedurally defaulted and that Petitioner failed to show cause or prejudice to excuse the default. As to Claim Three, the Magistrate Judge found that because the Arizona Court of Appeals determined that severance was not warranted, any alleged failure to move to sever could not have prejudiced Petitioner. As to Claim Six, the Magistrate Judge found that the state court's denial of this claim was neither contrary to nor an unreasonable application of *Strickland* and, even if counsel were deficient, Petitioner was not prejudiced by any errors. Regarding the claim of appellate counsel's alleged ineffectiveness in failing to file a reply brief on appeal, the Magistrate Judge found this claim not colorable and even if it were, Petitioner has demonstrated no prejudice. As to Claim Nine, the Magistrate Judge recommended denial of this claim on the merits both because it fails to state a cognizable habeas claim and because Petitioner failed to present any evidence supporting this claim. The Magistrate Judge recommended that the Petition be denied and that a Certificate of Appealability also be denied.

Petitioner filed timely written objections on February 17, 2023. Respondents filed a response to those objections on February 27, 2023.

Rule 72(b)(2), Fed. R. Civ. P. requires that a party make "specific written objections" to a Magistrate Judge's Report and Recommendation. Rule 72(b)(3) requires the District Judge to determine "de novo" only those parts of the Magistrate Judge's Report and Recommendation that has been properly objected to.

Petitioner's Objection to all Aspects of the Report and Recommendation is not a specific written objection to the Magistrate Judge's recommended disposition as to any of the nine claims. Rather Petitioner's objections consist of unfounded personal attacks on the Magistrate Judge and continued attacks on the state trial court judge. Petitioner never addresses the findings of procedural default as to 6 of the 9 claims or the merits rulings on Claims Three, Six and Nine. In short, Petitioner largely failed to file proper objections to the Report and Recommendation or to demonstrate any error on the part of the Magistrate

Judge.

To the extent that Petitioner properly objected to the recommendation of denial of ineffective assistance of counsel raised in Claim Three regarding severance of Count Four, Petitioner only argues the merits of his argument and fails to address the Magistrate Judge's finding that no prejudice could be shown from counsel's alleged failure to move to sever because the Arizona Court of Appeals ruled on the merits that severance was not warranted, that the trial court's denial of this claim on Post-Conviction Relief was not clearly erroneous to nor an unreasonable application of *Strickland* and that Petitioner failed to present a colorable claim of ineffective assistance in his habeas petition.

IT IS ORDERED overruling Petitioner's Objection to all Aspects of the Report and Recommendation. (Doc. 28)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 27)

IT IS FURTHER ORDERED denying Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1)

IT IS FURTHER ORDERED denying a Certificate of Appealability because the denial is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 9th day of May, 2023.

_____
Susan R. Bolton
United States District Judge